BARTLETT, J., took no part in the decision of this case.

---

### SANGER *v.* SEYMOUR *et al.*

(*Supreme Court, General Term, First Department.* November 23, 1888.)

TRIAL—MISLEADING INSTRUCTIONS.

In an action for money due on a contract defendant alleged want of consideration and duress. At defendant's request the jury were instructed that, if the contract

was found to be without consideration, their verdict must be for defendant. Later they were charged, at request of plaintiff, that plaintiff was entitled to recover unless the defense of duress was made out, or a counter-claim in excess of plaintiff's claim had been proved. *Held*, that the last instruction was misleading.

Appeal from circuit court, New York county.

Action for money due by William H. M. Sanger against James M. Seymour .and others, partners as Seymour, Baker & Co. From a judgment entered upon the verdict of a jury for plaintiff, and from an order denying motion for new trial, defendants appeal.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*Joseph H. Choate,* for appellants. *B. F. Watson,* for respondent.

BARTLETT, J. This action is brought to recover $7,500, claimed to be due under the second clause of the following agreement:

"Differences having arisen between Messrs. Seymour, Baker & Co. and W. H. M. Sanger, now, in consideration of the following conditions, we mutu-.ally agree:—*First.* W. H. M. Sanger to have all of his securities returned to him, and a receipt in full for all demands to date. *Second.* W. H. M. Sanger to receive the sum of seven thousand five hundred dollars in cash. *Third.* W. H. M. Sanger to remain in our employ, and to have charge of office in Albermarle Hotel, for a period of four (4) years from April 1, 1885, at a salary of one thousand (1,000) dollars per month during said period. *Fourth.* W. H. M. Sanger to give Messrs. Seymour, Baker & Co. a receipt in full for all demands to date. Now, therefore, in consideration of above conditions being carried out, W. H. M. Sanger solemnly promises and agrees that he will not institute any proceedings or investigations of the stock exchange, or incite or assist any customers to proceed against said firm, or Mr. Seymour or Mr. Baker individually, in any law court or elsewhere, at any time.

[Signed]                "SEYMOUR, BAKER & Co.
                            "W. H. M. SANGER."

The defense was that the agreement was without consideration, and was. .entered into by the defendants in consequence of threats made by the plaintiff, and duress and extortion practiced by him. At the time this remarkable .agreement was signed the plaintiff was in the employment of the defendants; .and on the present appeal it is insisted that the contract is illegal, and that no .suit can be maintained upon it, inasmuch as it is against public policy and good morals to permit a servant to make merchandise out of the secrets of his master. Considered by itself it must be admitted that the language of the .contract is not calculated to create a favorable impression as to the motives of the plaintiff. When read alone, and without reference to any extrinsic evi-.dence as to the circumstances under which it was executed, its legality cer-.tainly seems doubtful. The plaintiff in effect testified, however, that the last paragraph, which makes the agreement objectionable, was inserted, not at his instance or by his wish, but because one of the defendants insisted that it .should go in. If it be true that the plaintiff cared nothing about this part of the agreement, and put it in solely to dispel some unfounded apprehensions of the defendants at their own instance, it may well be that the contract was not thereby invalidated; and there was testimony upon which the jury could find such to be the fact. The record, however, discloses so serious an error in passing upon the requests to charge, as to constrain us to order a new trial. At the request of defendants' counsel the court properly instructed the jury that if they found that the contract sued on was made without consideration, then their verdict must be for the defendants. Later on, at the request of plaintiff's counsel, the court charged that the plaintiff was entitled to a verdict unless the defense of duress had been made out, or a counter-claim had been proved, to an amount in excess of the plaintiff's claim in the suit. We think the exception to this instruction was well taken. It will be observed

that the court here made no reference whatever to the defense of want of consideration, which was one of the principal matters litigated upon the trial. The jury were told, in contradiction to what had previously been said to them as to the defense of no consideration, that they must find a verdict for the plaintiff unless duress had been proved, or a counter-claim had been established in a larger amount than the plaintiff's demand. This direction, given just before the jury retired, may well have destroyed the effect of what had been previously said on the subject of want of consideration, and thus have misled the jury to the detriment of the defendants. For this reason the judgment must be reversed. Judgment reversed, and new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., concurs. MACOMBER, J., concurs in result.